*Collymore v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:
>AMALYA L. KEARSE,
>DENNY CHIN,
>RICHARD J. SULLIVAN,
>*Circuit Judges*.

_____

ROBIN COLLYMORE,

>*Plaintiff-Appellant*,

>v.                                                              No. 23-1304

THE CITY OF NEW YORK, LISA MALUF, in her individual capacity, DAVID KIRKS, in his individual capacity, MATTHEW AUSTIN, in his individual capacity,

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | SPECIAL HAGAN, Elmhurst, NY. |
| **For Defendants-Appellees:** | TAHIRIH M. SADRIEH (Claude S. Platton, Lorenzo Di Silvio, *on the brief*), *for* Hon. Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura T. Swain, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 11, 2023 judgment of the district court is **AFFIRMED**.

Robin Collymore appeals from the district court's grant of summary judgment in favor of her former employer, the City of New York, and three supervisors, Lisa Maluf, David Kirks, and Matthew Austin (together, the "Defendants"), on an assortment of claims that she was discriminated against on account of her race and sex, and was retaliated against for complaining about that discrimination, in violation of federal, state, and local law. We assume the

_____

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party below. *See James v. N.Y. Racing Ass'n*, 233 F.3d 149, 152 (2d Cir. 2000). Summary judgment is appropriate "only when there is no genuine issue as to any material fact." *Id.* A dispute is "genuine" when the evidence on the issue "would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016).

## I. Federal Retaliation Claims

We begin by addressing Collymore's federal claims for retaliation in violation of Title VII and 42 U.S.C. § 1983, which we review under the same three-step burden-shifting framework. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843–46 (2d Cir. 2013) (Title VII); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015) (section 1983). To start, "the plaintiff must establish a *prima facie* case of retaliation by showing 1) participation in a protected activity; 2) the defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse

3

employment action." *Zann Kwan*, 737 F.3d at 844 (internal quotation marks omitted). If the plaintiff makes a *prima facie* case, the employer must then "articulate some legitimate, non-retaliatory reason for the [allegedly retaliatory] action." *Id.* at 845. If the employer articulates such a reason, the burden shifts back to the plaintiff to show the reason is "mere pretext" and "that retaliation was a but-for cause of the adverse action." *Id.* (internal quotation marks omitted).

Collymore contends that after she confronted Maluf about her unwanted touching of Collymore's arm, back, and leg, and lodged formal discrimination complaints, Defendants retaliated against her by scheduling two recurring meetings that sometimes interfered with her ability to take a one-hour lunch break between 12:00 and 2:00 p.m.[1] She maintains that these lunch meetings violated her union's collective bargaining agreement and exacerbated her migraine condition. But even if we were to assume that the scheduling of meetings during a two-hour window between 12:00 and 2:00 p.m. constituted an adverse action or

---

[1] In her appellate brief, Collymore asserts that there were other adverse actions carried out by Defendants: namely, a January 2016 memorandum requesting her termination; her removal from a project in February 2016; and the termination of a contract with a consultant on whom she claimed to rely. But Collymore did not mention any of these three events in her operative complaint and may not assert new facts and allegations for the first time on appeal. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (declining to consider a theory of liability that the complaint did not reference and that was "raised . . . for the first time in [Plaintiffs'] papers opposing . . . summary judgment").

a "materially adverse" change that "could well dissuade a reasonable worker from making or supporting a charge of discrimination," *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006) (internal quotation marks omitted), Collymore has failed to establish that Defendants' non-retaliatory reasons for scheduling the lunch meetings were "a mere pretext" and that "retaliation was a but-for cause of the adverse action," *Zann Kwan*, 737 F.3d at 845 (internal quotation marks omitted).

There is simply no evidence that Defendants knew Collymore was entitled to a one-hour lunch break between 12:00 and 2:00 p.m. every day pursuant to a collective bargaining agreement or that she would not attend lunch meetings due to her debilitating migraines. Collymore has offered no proof of such an agreement, much less Defendants' knowledge of it. With respect to her migraines, Collymore asserted that she informed Maluf and Austin (but not Kirks) of her "migraines and need to take lunch," J. App'x at 1557, but there is nothing in the record that explains how this put Defendants on notice that she could never attend a lunch meeting as a result of her medical condition. At her deposition, Collymore testified that she told Austin and Maluf that she suffered from migraines and that she needed to take lunch during the designated lunch time

period, but she was unclear as to whether she told them that her migraines prohibited her from attending lunch meetings entirely. *Id.* at 2611. Indeed, an email exchange between Collymore and Maluf shows that Collymore merely asserted that the meetings interfered with her lunch break, without ever mentioning the migraines. It is undisputed that Collymore never requested an accommodation from her employer, and the record reflects that employees were permitted to eat lunch during the meetings. And while the doctor's note Collymore submitted to Defendants to excuse one of her absences corroborated that Collymore suffers from "chronic debilitating migraines," *id.* at 4047, nowhere did the letter represent that Collymore's headaches prevented her from attending lunch meetings entirely.

For all these reasons, we affirm the district court's grant of summary judgment in Defendants' favor on Collymore's federal retaliation claims.

## II. State and Local Retaliation Claims

After granting summary judgment in Defendants' favor on Collymore's federal claims, the district court appropriately exercised supplemental jurisdiction over her retaliation claims under the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL"), since the

6

parties had already completed extensive discovery and the resolution of such claims involved settled principles of law. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990).

Like the district court, we conclude that Defendants are entitled to summary judgment on Collymore's retaliation claims under the NYSHRL and NYCHRL. Collymore does not dispute that her NYSHRL claim is analyzed under the same framework as her Title VII claim, and so it fails for the same reasons stated above. *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023).[2] With respect to her NYCHRL claim, the district court properly noted that retaliation claims brought under the NYCHRL must be analyzed "separately and independently from" their federal and state counterparts and are subject to a less demanding standard that merely requires a plaintiff to "show that retaliation played *any part* in the employer's decision[s]." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109, 116 (2d Cir. 2013) (emphasis added). The district court acknowledged that standard before concluding Collymore had failed to establish a genuine

---

[2] In 2019, the NYSHRL was amended, directing courts to construe the NYSHRL "liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of [the NYSHRL], have been so construed." N.Y. Exec. Law § 300. But because Collymore's claims are premised on conduct that occurred before 2019, we analyze her claims under the Title VII framework.

dispute that retaliation played *any* role in the Defendants' scheduling of meetings. Again, there is no evidence that Collymore was entitled to an uninterrupted one-hour lunch every day between 12:00 and 2:00 p.m., or that any Defendant knew she suffered from a migraine condition that prohibited her from attending the meetings. Accordingly, we affirm the grant of summary judgment in Defendants' favor on Collymore's state and local retaliation claims as well.

## III. State and Local Discrimination Claims

As with her retaliation claims, the district court properly exercised supplemental jurisdiction over Collymore's claims that she suffered disparate treatment on account of her race and sex in violation of the NYSHRL and NYCHRL. For the following reasons, we agree with the district court that Collymore has not created a genuine dispute that she suffered discriminatory treatment under either statute, on any theory.[3]

### A. Race Discrimination

We review a claim for racially disparate treatment in violation of the NYSHRL under the same burden-shifting framework as a claim under Title VII.

---

[3] Because Collymore has failed to show a primary violation of state or local discrimination laws, the district court properly granted summary judgment on Collymore's claims for aiding and abetting conduct in violation of the NYSHRL and NYCHRL. *See Feingold v. New York*, 366 F.3d 138, 158–59 (2d Cir. 2004).

*See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). First, the plaintiff must show "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024) (internal quotation marks omitted). If "the plaintiff has established a *prima facie* case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its adverse action." *Id.* (internal quotation marks omitted). If the employer articulates such a reason, then the burden shifts back to the plaintiff to show at the third step either "that the employer's stated justification for its adverse action was nothing but a pretext for discrimination" or "that[] even if the employer had mixed motives, the plaintiff's membership in a protected class was at least one motivating factor in the employer's adverse action." *Id.* at 567.

Collymore failed to establish a *prima facie* case of race discrimination on the theory that she was paid less, and worked more, than her white counterparts. She identified several people who she asserts are "her white and or male comparators" and "testified [in her deposition] that in each instance . . . they were compensated at a better rate of pay." Collymore Br. at 43. But Collymore offered no details

9

about the alleged comparators' qualifications, responsibilities, and rates of pay. She therefore failed to proffer sufficient evidence to permit a finding that she was "paid less . . . for the same work." *Belfi v. Prendergast*, 191 F.3d 129, 140 (2d Cir. 1999). In similar fashion, Collymore relied only on her own testimony for the proposition that, unlike her white counterparts, she was expected to work outside her scheduled hours without compensation. But we have made clear that we will not "allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

Collymore separately argues that there is a genuine dispute concerning whether she was subject to a racially hostile work environment that "was sufficiently severe or pervasive to alter the conditions of [her] employment." *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013) (internal quotation marks omitted). Below, Collymore offered nothing more than general assertions that her supervisors were rude to her. But "the handful of uncomfortable incidents cited," without more, cannot support a hostile work environment claim, especially at the summary judgment stage. *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 309 (2d Cir. 2017).

10

We evaluate Collymore's NYCHRL race-discrimination claims "under a similar framework," *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015), except that a NYCHRL plaintiff need only show that she was treated "less well" on account of her race, *Mihalik*, 715 F.3d at 113. Nonetheless, "[t]he employer may prevail on summary judgment if it shows that a reasonable jury could conclude only that the conduct amounted to no more than a petty slight." *Id.* at 111. Moreover, the NYCHRL provides that summary judgment is inappropriate if there is a genuine dispute "either that the defendant's reasons were pretextual, or that the defendant's stated reasons were not its *sole basis* for [its conduct], and that its conduct was based at least *in part* on discrimination." *Ya-Chen Chen*, 805 F.3d at 76 (emphasis added) (internal quotation marks omitted). But even under this lower standard, Defendants are entitled to summary judgment. Again, there is no record evidence that Collymore was paid less or required to work more on account of her race. And while she asserts that Austin and Maluf were dismissive or harsh with her, "sporadic insensitive comments" are not actionable even under the NYCHRL. *Mihalik*, 715 F.3d at 114 (internal quotation marks omitted).

11

**B.    Sex Discrimination**

Collymore also challenges the district court's judgment as to her claims of sex discrimination under NYSHRL and NYCHRL.   To the extent those claims are based on her unsubstantiated assertions that she was paid less than her male counterparts and was treated rudely by her supervisors, they fail for the same reasons as her race discrimination claims.   That leaves only Collymore's remaining claims for sexual harassment based on Maluf's unwanted touching of Collymore and other employees.   In particular,   Collymore argues – for the first time on appeal – that the October 2019 amendments to the NYSHRL, which instituted a more lenient standard for state discrimination claims, should be applied retroactively to revive her sexual harassment claim.   But because Collymore concedes that she did not raise any argument related to the 2019 amendments below, we consider this issue forfeited.   *See Katel Ltd. Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010).   Though "we may exercise discretion to consider [forfeited] arguments where necessary to avoid a manifest injustice," we see no such injustice here, since any arguments based on the 2019 amendments "were available to the [plaintiff] below and [she] proffer[s] no reason for [her]

failure to raise [it]."  *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks omitted).

*    *    *

We have considered Collymore's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court